ELBERT E. COOLEY, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 16563.

(State of New York, Court of Claims, January, 1921.)

*Bridges — accidental injury received by being struck by lift gates of canal bridge — damages for loss of wages and for medical expenses awarded.*

CLAIM for damages for negligence.

Thomas F. Powers, for claimant.

Glenn A. Frank, deputy attorney-general, for state.

MORSCHAUSER, J. The claimant files a claim to recover damages by reason of an accident which happened to him on the 12th day of November, 1919, by being struck by certain lift gates constructed and

maintained on a certain bridge spanning the Erie canal at Nineteenth street near Second avenue in the city of Watervliet, Albany county, N. Y.  On the day in question the claimant was driving an automobile across said bridge, and as he was about to approach the west side of said bridge proceeding in a westerly direction, the gates were lowered and in coming down struck the windshield of the car in which the claimant was riding, and came in contact with the claimant's body whereby he was injured in his breast and shoulder, and he received a fracture of the index finger of his left hand.  The finger, from the effects of the injury, was left somewhat crooked.  The claimant was confined to his house for five weeks; his doctor's bill was $100; and he lost substantially $100 in salary.  He suffered more or less pain during the time and now claims that he is not able to raise his arm above the shoulder, and he still feels the effects of the injury.  Two physicians testified; one a physician who attended the claimant, and one physician who was called by the state who had examined the claimant.  The physician for the claimant stated that in his opinion the injuries to the claimant were permanent, while the physician called by the state gave his opinion that there was no permanent injury, and that the claimant had substantially recovered, and upon his examination of the claimant found no indications of any physical injuries except the condition of the finger of the left hand.

The claimant testified upon the trial that while approaching the bridge he heard no gong or other alarm, and in this he was corroborated by several other witnesses who testified that they saw the accident and heard no alarm given just before the gate came down; that the gate came down after the claimant had crossed the bridge, dropped suddenly and struck the car in which claimant was riding, and injured the claimant.  The gate tender was called by

the state; and he testified that the gong was sounded; that he looked both ways and did not see the car approaching. He had an unobstructed view in each direction for some distance, and testified that at no time did he see the car in which the claimant was riding. It is very evident from the testimony that no gong was sounded, and that the gate tender did not make any observation before he lowered the gates, and that he was careless in the operation of the gates at that time.

Under the Canal Law, section 47, chapter 13, Laws of 1909, the state assumes liability to any person sustaining damages from the canals or from their use or management or resulting or arising from the neglect or conduct of any officer of the state having charge thereof or resulting or arising from any accident or other matter or thing connected with the canals, the amount of such damage to be ascertained and determined by the proper action or proceeding before the Court of Claims; but no judgment shall be awarded by such court for any damages in any case unless the facts proved therein make out a case which would create a legal liability were the same established in evidence in a court of justice against an individual or corporation.

We are inclined to think from the evidence that the injury to the claimant, while somewhat painful, was in no way permanent except to the extent that his index finger was, after it healed, left in a slightly crooked condition; but from the statement of the claimant himself, this in no way affected the use of the finger.

The claimant, after five weeks, went back to work, and since then has been carrying on his usual vocation. We think the claimant should receive his wages while he was confined to the house, which amount to $100, his doctor's bill which amounts to $100; and

we think that $400 would be a fair amount to pay him for the suffering and inconvenience that he received by reason of the accident.

Claimant is, therefore, allowed the sum of $600.

ACKERSON, P. J., concurs.

Claim allowed.